# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN ESLINGER, | ) | CASE NO. 5:18-cv-2442 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| | ) | |
| CITY OF KENT, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Pending before this Court is the motion for judgment on the pleadings filed by defendant City of Kent ("Kent"). (Doc. No. 6 ["Mot."].) Plaintiff did not file any opposition to Kent's motion. For the reasons discussed herein, defendant's motion for judgment on the pleadings is GRANTED.

## I. BACKGROUND

Plaintiff Kevin N. Eslinger ("Eslinger") filed his complaint in the Summit County Court of Common Pleas on August 7, 2018, against Kent and two Kent police officers in connection with a traffic stop and search of Eslinger's car on August 7, 2016. (Doc. No. 1-1, Complaint ["Compl."].) Eslinger alleges that he was seriously ill when the two officers pulled him over. (*Id.* ¶¶ 3–6.) Eslinger alleges that he attempted to tell the officers that he was too weak and ill to comply with their verbal commands, by yelling to the officers that he did not feel well and waving his hands outside of his car window. (*Id.* ¶ 8.) Nonetheless, the officers proceeded to remove Eslinger from his vehicle and handcuff him. (*Id.*) Eslinger alleges that he was too weak

to stand up and remained on the ground in handcuffs while the officers searched his car. (*Id.* ¶ 9.) An officer removed Eslinger's handcuffs and EMS transported Eslinger to the hospital after the officers completed the search. (*Id*. ¶¶ 9–12.)

In his complaint, Eslinger alleges state-law claims against Kent and the two Kent police officers for civil assault and intentional infliction of emotional distress (*Id.* ¶¶ 22–30 (third and fourth causes of action)), as well as federal-law claims under 42 U.S.C. § 1983 for violations of his rights under the Fourth and Fourteenth Amendments. (*Id.* ¶¶ 13–21) (first and second causes of action).) Eslinger seeks only compensatory relief.

On October 22, 2018, Kent removed this action to this Court and subsequently filed its motion for judgment on the pleadings, to which Eslinger has not responded. This matter is now ripe for the Court's review.

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard of review for a motion for judgment on the pleadings is the same as for a motion to dismiss for failure to state a claim for relief under Rule 12(b)(6). *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). "'For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.'" *Winget*, 510 F.3d at 581 (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)). The district court, however, "need not accept as true legal conclusions

or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999) (citing *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987)).

"To survive a motion to dismiss [or judgment on the pleadings], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). The complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotation marks omitted). "The motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991).

In considering a Rule 12(c) motion, the allegations in the complaint are the Court's primary focus. The Court may also consider the answer, documents attached as exhibits to the pleadings, and "'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[.]'" *McGath v. Hamilton Local Sch. Dist.*, 848 F. Supp. 2d 831, 836–37 (S.D. Ohio 2012) (quoting *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008)).

### III. DISCUSSION

In its motion, Kent contends that it is entitled to judgment on all Eslinger's claims because (1) this Court lacks personal jurisdiction over Kent because service of process was

insufficient, (2) Eslinger's complaint does not allege facts sufficient to support a *Monell* claim and impose municipal liability on Kent under § 1983, (3) Eslinger's state-law assault claim is barred by the applicable statute of limitations, and (4) Kent is immune from Eslinger's state-law tort claims under Ohio law. (Mot. at 37.[1]) Upon review, the Court agrees that Kent is entitled to judgment on the pleadings.

   A. **Section 1983 *Monell* Claim (Second Cause of Action)[2]**

Kent is entitled to judgment as a matter of law on Eslinger's § 1983 claim. It is well-established that a municipality cannot be held liable for civil rights violations under § 1983 solely on the basis that it employed a tortfeasor. "[I]n other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Instead, a local government may be liable under § 1983 only where its own "official policy or custom actually serves to deprive an individual of his or her constitutional rights." *Gregory v. City of Louisville*, 444 F.3d 725, 752 (6th Cir. 2006) ("*Monell* claim"). But Eslinger has not alleged facts sufficient to support a plausible inference that an "official policy or custom" of Kent caused a deprivation of his constitutional rights. Eslinger alleges only in purely conclusory terms that Kent had a "pattern, practice, custom and usage" of allowing employees to "violate the rights and privileges of citizens" and "failed to properly train, manage and supervise" its employees. (Compl. ¶¶ 19–20.)

Eslinger's purely conclusory allegations, unsupported by further alleged facts, are insufficient to support a plausible *Monell* claim under § 1983. *See Anthony v. Roberson*, 26 F.

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

[2] The first cause of action appears to assert a § 1983 claim against the individual officers only.

App'x 419, 422 (6th Cir. 2001) (finding "conclusory allegations are insufficient to state an arguable claim that an unconstitutional governmental policy caused" a constitutional right deprivation); *see also Brown v. Cuyahoga Cty.*, 517 F. App'x 431, 436 (6th Cir. 2013) (affirming dismissal of § 1983 claim because "a bare recitation of legal standards" is insufficient to demonstrate an unconstitutional custom or policy). Accordingly, Kent is entitled to judgment on Eslinger's cause of action against it under § 1983.

### B. State-Law Assault Claim (Third Cause of Action)

Eslinger's state-law assault claim must be dismissed as time barred. Under Ohio law,[3] claims for assault must be brought within one year after the cause of action accrues. Ohio Rev. Code § 2305.111(B). The cause of action for assault accrues upon the date on which the alleged assault occurred. *Id.* Here, the events founding Eslinger's complaint occurred on August 7, 2016. (Compl. ¶ 3.) Eslinger did not file this action until August 7, 2018—two years after cause of action accrued. Therefore, Eslinger's claim for state-law assault is barred by the statute of limitations and must be dismissed.

### C. State-Law Intentional Infliction of Emotional Distress (Fourth Cause of Action)

Kent is also entitled to judgment as a matter of law on Eslinger's state-law claim for intentional infliction of emotional distress. Under Ohio Rev. Code § 2744.02, political subdivisions are immune from liability for intentional torts. *Theobald v. Bd. of Cty. Cmm'rs.*, 332 F.3d 414, 416 (6th Cir. 2003); *Coleman v. City of Beachwood*, No. 92399, 2009 WL 3387948, at *7 (Ohio Ct. App. Oct. 22, 2009) (citing among authority *Walsh v. Vill. of Mayfield*, No. 92309,

---

[3] Federal courts apply Ohio statutes of limitations for claims brought pursuant to Ohio law. *See Wright v. Shawnee Twp.*, No. 98-3558, 2000 WL 125845, at *2 (6th Cir. Jan. 28, 2000).

2009 WL 1423921 (Ohio Ct. App. May 21, 2009)). Kent is a political subdivision for purposes of § 2744.02. Therefore, unless one of the exceptions enumerated in Ohio Rev. Code. § 2744.02(B)(1)–(5) applies, Kent is immune from liability for Eslinger's claim for intentional infliction of emotional distress. *Coleman*, 2009 WL 3387948, at * 7 ("Only if an exception [under § 2744.02(B)] applies will a political subdivision be stripped of its immunity.") None of these exceptions apply in this case: Eslinger's claims do not involve a motor vehicle accident, the negligent performance of a proprietary functions, the condition of the streets or highways, or an injury due to a physical defect on the grounds of a public building, and no statute imposes liability on Kent. As such, Kent is immune from liability for Eslinger's claim for intentional infliction of emotional distress.[4]

## IV.   REMAINING DEFENDANTS AND CLAIMS

Eslinger also named "John Doe I" and "John Doe II" as defendants in this case. Based on this Court's review of the state-court docket, where Eslinger named the individual officers, this Court issued an order on March 18, 2019, giving Eslinger an opportunity to either name John Does I and II as the individual officers named on the state-court docket or, alternatively, notify the Court that Eslinger did not know the identities of John Does I and II. (Doc. No. 11.) In that order, the Court instructed Eslinger to respond within fourteen days, up to and including April 1, 2019. The Court further instructed Eslinger that failure to respond might result in dismissal of the claims against John Does I and II for failure to prosecute. To date, Eslinger has not responded to the Court's order.

---

[4] Even if Eslinger's state-law claims for assault was not time barred, Kent would also be immune from liability for that claim as well because assault is an intentional tort. *Griffits v. Newburgh Heights*, No. 91428, 2009 WL 280376, at *2–3 (Ohio Ct. App. Feb. 5, 2009).

The Court also notes that Eslinger has been uncooperative and unresponsive with opposing counsel, failing to attend the parties' planning meeting and failing to respond to phone calls and emails. (*See* Doc. No. 8, Report of Parties' Planning Meeting.) Additionally, Eslinger did not file any responsive pleading to Kent's motion for judgment on the pleadings.

Given this Court's March 18, 2019 order and Eslinger's history of unresponsiveness, this Court would be well within its discretion to dismiss the remaining claims against John Does I and II for failure to prosecute. Out of an abundance of caution, however, because Eslinger is pro se and has reported health issues, this Court will grant Eslinger until June 14, 2019, to file an amended complaint in this matter specifically naming the individual police officers identified on the state-court docket as defendants in this case, if Eslinger intends these individuals to be John Doe I and John Doe II or, alternatively, notify the Court within seven days that he does not know the identities of John Doe I and John Doe II. Failure to either file an amended complaint or notify the Court otherwise will result in dismissal of the remaining claims against John Does I and II for failure to prosecute.

## V. CONCLUSION

For the aforementioned reasons, Kent's motion for judgment on the pleadings as it pertains to Eslinger's claims against Kent is GRANTED.

**IT IS SO ORDERED**.

Dated: May 24, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**